# Beeson *versus* Breading.

1. A devise of a lot was to Jacob, Jonathan and Henry in fee; "all the balance of my property, both real and personal, I direct to be sold by my executors * * * and the proceeds, after paying just debts, * * * I divide as follows:" making pecuniary legacies and a general residuary clause. By a codicil "the bequests" to Jonathan were revoked. Henry's devise lapsed by his death in the life of testatrix. *Held*, that under the direction to sell, "the balance of my property," the executors had no authority to sell the portions of the lot devised to Jonathan and Henry.

[Beeson v. Breading.]

2. The direction to sell worked an absolute conversion of all her property but the lot.

3. A revocation of a devise by a codicil, would not operate to authorize a sale of "the balance" directed by the will to be made.

4. The testatrix not having intended by the will to convert the lot into money, a power to sell cannot arise from a subsequent event; unless such power were expressed or necessarily implied.

5. Downer v. Downer, 9 Watts 60, approved.

November 19th 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Fayette county :* Of October and November Term 1874, No. 232.

This was an action of partition, in which Clark Breading was plaintiff and Jacob Beeson defendant, commenced February 9th 1850. The premises of which partition was demanded were a piece of land in South Union township, Fayette county, on the National Road, &c., containing 20 acres more or less. The plaintiff claimed that he was entitled to two undivided thirds of the premises and that the defendant was entitled to one-third.

The title of both parties was under the will of Rachel Skiles and its codicils, which were proved May 6th 1865; the testatrix died in 1865.

The will was dated May 15th 1860. By the will she provided amongst other things, as follows.:—

" I give and devise unto Jacob Beeson, Jonathan D. Beeson and Henry Beeson, sons of Henry H. Beeson, all my out lot situate on the National Road, west of Uniontown, adjoining Redding Bunting on the west, Everhart Bierer on the east, to them and their heirs forever. All the balance of my property, both real and personal, I direct to be sold by my executors as soon after my decease as they may deem best for the interest of my estate, and the proceeds after paying my just debts and necessary expenses, I divide as follows:"

She then made a number of bequests and made this residuary disposition. " All the rest and residue of my estate I give and bequeath unto Henry H. Beeson, Jacob B. Miller and Jonathan D. Springer, to be equally divided between them ; and I do hereby appoint the said Jacob B. Miller and Jonathan D. Springer, executors," &c.

By the last codicil, dated March 8th 1865, she revoked "the bequest" in the will to Jonathan D. Beeson, son of Henry H. Beeson.

The case was tried April 30th 1874, before Stowe, J., of the Fifth district.

The plaintiff gave in evidence the will and codicils: also that Henry Beeson, son of H. H. Beeson, was killed in the army in May 1864 : also deed of the executors of Rachel Skiles, dated November 3d 1869, to the plaintiff, for two-thirds of the premises of which the partition is demanded. The deed recited the devise of one-third of the premises to Jacob Beeson, the order to the executors

[Beeson *v.* Breading.]

to sell all the residue of her real estate not disposed of by said will, and the sale " in pursuance of the directions of the will" of the undivided two-thirds of the premises, &c.

The jury·found that Henry Beeson, son of H. .H. Beeson, died before the testatrix; this was the only question of fact submitted to the jury.

There was a verdict for the plaintiff, subject to the opinion of the court on the following questions of law, reserved :—

1. Did the codicil of March 8th 1865, revoke the devise to Jonathan D. Beeson of the one-third of the land in suit ?

2. By the death of Henry Beeson in the life of the testatrix did the devise to him lapse ?

3. Have the executors authority under the will to make the sale and conveyance to Clark Breading under which he claims ?

The court afterwards directed judgment to be entered for the plaintiff on the questions of law reserved, and filed an opinion, as follows :—

" A very careful consideration of the questions of law reserved in this case, with the assistance of the arguments of counsel furnished me, has led me to the conclusion that the codicil of 8th March 1865, revoking the *bequests* made to Jonathan D. Beeson, revokes the devise as well as the legacy given by the will, and that thereupon the interest of Jonathan, as originally created. by the will, became part of the residuary estate. The will, as altered by the codicil mentioned, is to be taken as republished, and stood then as a devise of one-third of the land in question to Jacob Beeson, and one-third to Henry Beeson, and the interest before in Jonathan became a part of the *balance* of testatrix's property, which the executors were empowered to sell. To this extent I feel clear. The sale by the executors would be valid. As to their right to dispose of the interest of Henry, who, though dead at the time of· the death of the testatrix, is not found to have been so at the date of the codicil, I do not feel so sure; indeed, as to that I have serious doubts. But that the case may be presented to the Supreme Court on both points by one writ of error, I have concluded to hold that the sale by the executors was good as to the interest of both Jonathan and Henry, and therefore vested a good title to the two-thirds of the land in plaintiff."

The defendant took a writ of error and assigned for error : entering judgment on the verdict for the plaintiff on the questions reserved.

*D. Downer* (with whom was *C. E. Boyle*), for plaintiff in error. —" All the balance of my property" in the direction to sell, referred to the property which she had not disposed of by the will : Downer *v.* Downer, 9 Watts 60 ; Clark *v.* Riddle, 11 S. & R. 311.

*W. H. Playford*, for defendant in error.—By the death of

Henry Beeson, by which the devise to him lapsed, and the revocation of the devise to Jonathan, their respective shares became part of " the balance" of the estate of the testatrix and came under the operation of the direction to sell: Patterson v. Swallow, 8 Wright 487.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 4th 1875.

We are of opinion that upon the true construction of the will of Rachel Skiles there was no power given to her executors to sell the out lot on the National Road or any part of it in any event. She makes a specific devise of that lot unto Jacob Beeson, Jonathan D. Beeson and Henry Beeson, to them and their heirs forever. She then immediately adds, " all the balance of my property, both real and personal, I direct to be sold by my executors as soon after my decease as they may deem best for the interest of my estate, and the proceeds, after paying my just debts and necessary expenses, I divide as follows." She then proceeds to give several pecuniary legacies, and a general residuary bequest. " All the rest and residue of my estate I give and bequeath unto Henry H. Beeson, Jacob B. Miller and Jonathan D. Spring, to be equally divided." It is to be observed that it was not a mere power to sell but an absolute direction, and worked an immediate conversion. She meant that all the balance of the property (except the out lot) should be converted into money and distributed as she directed, in pecuniary legacies, with the residuary bequest. It cannot be inferred that at the time of the execution of the will she had any intention to convert the out lot into money. If she had not then such an intention, how can such a power arise from subsequent events? An express revocation of the devise by a subsequent codicil would not work such an effect. It would require a new power, either clearly expressed or necessarily implied. It is very much like the case of Downer v. Downer, 9 Watts 60, where, after a specific devise of a lot charged with legacies, which the devisee refused to accept, the testator directed his executors to sell his whole real estate not otherwise disposed of in his will. It was held clearly that the power of the executor to sell did not include the lot, though in the event which had occurred it became a part of his real estate not otherwise disposed of. It had reverted to his estate just as is supposed in the case before us. But the charges upon it were not affected, and it was held therefore that the only mode of proceeding was in the Orphans' Court to enforce the charge by a sale. It results from this construction of the will that Clark Breading, the plaintiff below, derived no title from the sale by the executors, and therefore

Judgment reversed, and now judgment on the reserved points for the defendant below.